UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MICHAEL BAYAIRD aka CHARLES MICHAEL KIMBLE, ) )<br>  ) <br>     Petitioner, )<br>  )<br>     v. )<br>  )<br> MATTHEW CATE, )<br>  )<br>     Respondent. ) | 1:09-CV-01898 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #18] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on August 3, 1999, of receiving stolen property in violation of Cal. Penal Code § 496(a). (LD[1] 1.) On August 31, 1999, Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On February 16, 2000, the Fifth DCA granted Petitioner's request to abandon his appeal. (LD 2, 3.) Petitioner did not seek review in the California Supreme Court.

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

Petitioner then filed nine post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1.  California Court of Appeal, Fifth Appellate District
    Filed: February 13, 2001[2];
    Denied: March 19, 2001;

2.  California Court of Appeal, Fifth Appellate District
    Filed: June 1, 2001;
    Denied: June 18, 2001;

3.  Kern County Superior Court
    Filed: June 12, 2001[3];
    Denied: July 5, 2001;

4.  California Court of Appeal, Fifth Appellate District
    Filed: November 19, 2001;
    Denied: March 14, 2002;

5.  Kern County Superior Court
    Filed: January 28, 2002;
    Denied: March 11, 2002;

6.  California Supreme Court
    Filed: March 28, 2002;
    Denied: September 18, 2002;

7.  Kern County Superior Court
    Filed: April 7, 2009;
    Amended petition filed: April 27, 2009
    Denied: June 2, 2009;

8.  California Court of Appeal, Fifth Appellate District
    Filed: April 7, 2009;
    Amended petition filed: April 27, 2009
    Denied: May 7, 2009;

9.  California Supreme Court
    Filed: April 7, 2009;
    Denied: September 23, 2009.

See Lodged Docs. Nos. 4-24.

On October 29, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On January 28, 2010, Respondent filed a motion to dismiss the petition as being filed

---

[2] Pursuant to the mailbox rule, the Court deems the various petitions filed on the dates they were signed and presumably handed to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001).

[3] The mailbox rule cannot be applied because Petitioner did not sign and date the petition.

outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On March 4, 2010, Petitioner filed an opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

    In this case, the petition was filed on October 29, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Court of Appeal dismissed Petitioner's appeal at his request on February 16, 2000. Petitioner did not file a petition for review. According to the California Rules of Court, Rule 8.264(b)(2)(B), the decision became final on the date of dismissal. Pursuant to California Rules of Court, Rule 8.500(e)(1), an appeal must be taken to the California Supreme Court within ten (10) days of finality. Therefore in this case, direct review concluded on February 26, 2000. The statute of limitations commenced on the following day, February 27, 2000, and expired one year later on February 26, 2001. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until October 29, 2009, over eight and a half years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

  As stated above, the statute of limitations began to run on February 27, 2000. It continued until Petitioner filed his first state habeas petition in the Fifth DCA on February 6, 2001. At that point, 345 days of the limitations period had elapsed. Because the petition was properly filed, the statute of limitations was tolled for the time this petition was pending until it was denied on March 19, 2001.

  Petitioner next filed a state habeas petition in the Fifth DCA on June 1, 2001. Respondent argues that the time between the denial of the first petition and the filing of the second petition is not tolled for two reasons, and both are correct. First, the second petition was filed in the same court as the first; Petitioner was not proceeding from one level of the state court system to the next appellate level. He is therefore not entitled to interval tolling. See Saffold, 536 U.S. at 215. Second, Petitioner unreasonably delayed between filings. Pursuant to the rulings in Saffold and Chavis, Petitioner is entitled to interval tolling if he did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197. Here, Petitioner delayed for 67 days before he filed his second habeas petition. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The

Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's unexplained delay of 67 days is unreasonable. The delay is greater than the short period of time of 30 to 60 days provided by most States for filing an appeal.

Therefore, limitations period resumed on March 20, 2001. With 20 days remaining (365-345=20), the limitations period expired on April 9, 2001. The instant petition was filed over eight years after the limitations period expired and should be dismissed as untimely.

D.  Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)

28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), *quoting*, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000). In his opposition, Petitioner argues the statute of limitations should not commence until March 31, 2009, when he discovered new evidence in the form of a Chilton's auto repair manual. He argues the manual shows that the purported locations of the vehicle identification number do not match the vehicle in question.

Petitioner is not entitled to a later start date pursuant to § 2244(d)(1)(D) for the simple reason that the Chilton auto repair manual was readily discoverable at any time during trial or thereafter. As recited above, the relevant date is when Petitioner knows, or through diligence could discover, the evidence. Here, Petitioner did not act with the requisite diligence in waiting 8 years to discover an auto repair manual divulging the location of the vehicle identification numbers.

1 Therefore, Petitioner is not entitled to tolling under 28 U.S.C. § 2241(d)(1)(D).

2 E.  Equitable Tolling

3 The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 31, 2010**            /s/ **Gary S. Austin**

1   UNITED STATES MAGISTRATE JUDGE